## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-61863-Civ-COOKE

MONICA MARJORIE
MOONAH,

      Plaintiff,

vs.

WACHOVIA MORTGAGE
FSB, PATRICK HASFAWS,
EVA C. WOODEN, and DOES
1-10,

      Defendants.

_____/

### ORDER DISMISSING CASE

Plaintiff Monica Marjorie Moonah ("Plaintiff" or "Ms. Moonah"), proceeding *pro se*, filed her Verified Claim for Reservation of Usucapcio [sic] Rights for Cancellation of Forged Instruments; Fraud ("Complaint") (ECF No. 1) on August 4, 2016. Plaintiff, "a foreign national in the Diaspora of the Sixth Region of Africa," seeks possession of property located at 5541 SW 3rd Court, Plantation, Florida 33317. *See generally*, Compl., ECF No. 1. More specifically, she alleges that Defendants foreclosed upon her property using a forged mortgage and note, and also committed fraud. *See id.* Plaintiff's complaints stem from a mortgage foreclosure action initiated against Plaintiff in the Seventeenth Judicial Circuit in and for Broward County, Florida on January 7, 2009 (CACE09000671). Plaintiff seeks relief in the form of an order from this Court entering judgment in her favor against Defendants, "preserv[ing] Plaintiff's native reserved rights in land," and cancelling the "forged instruments." *Id.*

After a review of Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons discussed herein, I find that this Court lacks subject matter jurisdiction over this action. Therefore, the matter is dismissed and this case closed.

### I. DISCUSSION

Before addressing the merits of a case, a court must first determine whether subject

matter jurisdiction exists.  *See Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.  If we lack jurisdiction, it is our duty to notice that fact sua sponte.");[1] *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Subject matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties."  *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Under the *Rooker-Feldman* doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).  *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment."  *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (per curiam).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues."  *Casale*, 558 F.3d at 1260 (citations and internal quotation marks omitted).

Here, Plaintiff essentially seeks review of orders, including a final judgment of foreclosure, entered against her in an underlying state court action.  Because she challenges the validity of the decisions entered in an underlying state court action, her claim (if successful) would effectively nullify the state court's orders, including its final judgment of foreclosure, or would indicate that the state court wrongly entered that judgment.  The present claim is, therefore, inextricably intertwined with the state court judgment, and this Court lacks jurisdiction to consider it.

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## II. CONCLUSION

Having determined that this Court lacks subject matter jurisdiction to hear Plaintiff's claims, it is **ORDERED and ADJUDGED** that Plaintiff's Verified Claim for Reservation of Usucapcio [sic] Rights for Cancellation of Forged Instruments; Fraud (ECF No. 1) is **DISMISSED** *without prejudice*.[2]   The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 10th day of August 2016.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Monica Marjorie Moonah,* pro se

---

[2] Alternatively, as Plaintiff has failed to state a discernable cause of action, the Court also dismisses her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(1).

3